UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

KEVIN CUYLER,

                     Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
17-CR-496 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On January 31, 2018, Kevin Cuyler pleaded guilty to the sole count of the Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Kevin Cuyler is hereby sentenced to 366 days of incarceration, 1 year of supervised release, criminal forfeiture as agreed, and a $100.00 special assessment.

## BACKGROUND

On September 7, 2017, the Government filed a one-count Indictment charging Kevin Cuyler ("Defendant") with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Indictment ¶ 1, ECF No. 21. The Indictment also included a criminal forfeiture allegation that would require Defendant to forfeit any firearm or ammunition involved in the commission of his crime.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I.    Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in open court the reasons for its imposition of the particular sentence, and . .

. the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.). Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant. The Court addresses each in turn.

II. Analysis

A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1).

Defendant, now forty-two years old, was born on August 29, 1976. Presentence Investigation Report ("PSR") ¶ 33, ECF No. 34. Defendant was adopted by Jerome Francis Cuyler and his wife, Renaye Arlinda Brown Cuyler, when he was an infant. *Id.* Defendant's parents divorced when he was a teenager and neither of them remarried. *Id.* Defendant's father is a medical doctor who practices as a general practitioner and his mother is an attorney who maintains a private practice in elder law, trusts and estates, and negligence. *Id.* Defendant reports his relationship with his father is strained because the two do not see "eye to eye." *Id.* Defendant's father is aware of his legal situation. *Id.* Defendant reports his relationship with his mother is "great." *Id.* She is aware of Defendant's legal situation and remains supportive. *Id.*

Defendant has one sister who resides in Brooklyn. *Id.* ¶ 35. Defendant reports he has a good relationship with his sister. *Id.* She is aware of his arrest, and she remains supportive. *Id.*

Defendant was raised in an intact home until his parents divorced when he was a teenager. *Id.* After his parents' divorce, he was raised primarily by his mother under adequate financial circumstances, although his mother reported he resided with his father at times. *Id.* The family's housekeeper often kept watch over Defendant and his sister while his mother was at work. *Id.* The family owned their house in the Flatbush Gardens neighborhood of Brooklyn. *Id.* Defendant reported his childhood was "pretty good." *Id.* ¶ 36.

Defendant married Janice Leacock on October 14, 2008 in Brooklyn, New York. *Id.* ¶ 37. They have three children together—two boys and a girl, aged fourteen, twelve, and eight. *Id.* Ms. Leacock has a master's degree and is working toward her MBA. *Id.* She currently works as the director of case management for an insurance company. *Id.* Defendant and Ms. Leacock divorced in 2015, Addendum to the PSR ¶ 37 ("PSR Addendum"), ECF No. 36, without need of a child support or custody arrangement, and the two continue to have a good relationship, PSR ¶ 37. Defendant has seen his children once or twice a week and has provided them financial support on an as-needed basis. PSR ¶ 37. The children are unaware of his legal situation. *Id.* Ms. Leacock is aware of Defendant's legal situation and remains supportive. *Id.* ¶¶ 37-38. She describes Defendant as caring and willing to do anything for his family. *Id.* ¶ 37.

Counsel for Defendant stresses the strength of Defendant's support network in his sentencing memorandum. Def. Sentencing Mem. ("Def. Mem.") at 2-3, ECF No. 44. Relatives and friends of Defendant have demonstrated support in advance of his sentencing.

After 2016, Defendant rented a bedroom in the basement of a house in Brooklyn. *Id.* ¶ 39. Two other renters lived in the home and had separate bedrooms. *Id.* Defendant has been

detained since October 11, 2018, when this Court ordered Defendant's detention after he violated several conditions of his pretrial release, discussed in further detail below. *See* Order of Detention, ECF No. 39.

Defendant has a long history of alcohol abuse. He began drinking alcohol when he was approximately 17 or 18 years old and living with his father. *Id.* ¶ 44. In approximately 2011, he began drinking alcohol every other day. *Id.* Defendant reports he attended a 30-day inpatient treatment program in 2014 at an unrecalled facility in Queens, New York. *Id.* He stated he maintained sobriety for five or six months and then relapsed in 2015 for "no real reason." *Id.* After his divorce, Defendant began drinking three to four cans of beer daily. *Id.* He struggled in treatment while on pretrial supervision for the instant offense. *Id.* In April 2017, Pretrial Services filed a violation memorandum with the Court in part because he had been discharged from his local court-mandated substance abuse treatment program due to multiple absences and because he had tested positive for alcohol. *Id.* ¶ 43. By September 2018, Pretrial Services had filed numerous violation memoranda with the Court, which detail Defendant's: (1) failure to re-enroll in an alcohol treatment program; (2) positive tests for alcohol and; (3) reporting visibly intoxicated to meetings with the Pretrial Services' office. *See* Sept. 7, 2018 Pretrial Services Violation Mem., ECF No. 37.

Defendant reports he has suffered from anxiety for approximately ten years but has never sought treatment. PSR ¶ 42. He has not expressed interest in undergoing a mental health evaluation. *Id.*

Defendant completed the tenth grade at Satellite Academy High School in New York. *Id.* ¶ 48. He left high school to pursue an equivalency diploma, which he obtained in either 1995 or 1996. *Id.* ¶¶ 47-48. He attended Borough of Manhattan Community College from 1998 to 1999,

where he studied computer programming. PSR Addendum ¶ 46. He later dropped out after being placed on academic probation for receiving poor grades. *Id.*

Defendant has been employed in numerous positions since 1998. From 1998 to 2001, Defendant worked as a custodian and file clerk at the office of a Brooklyn internist. PSR ¶ 59. From 2002 to 2011, Defendant worked as a floor-care technician at Kingsbrook Jewish Medical Center in Brooklyn, New York. *Id.* ¶ 58. From 2006 until the time of his detention, Defendant worked part time as a custodian at his mother's funeral parlor in Brooklyn, New York. *Id.* ¶ 52.

Defendant's criminal history includes two past convictions. In 2010, Defendant was convicted of Attempted Criminal Possession of a Weapon in the Second Degree in Kings County Supreme Court in relation to his possession of a 9mm semi-automatic pistol—a crime punishable by a term of imprisonment of more than one year—and sentenced to one-year custody. *Id.* ¶¶ 4, 24. In 2015, Defendant was convicted of Aggravated Driving while Intoxicated in Kings County Criminal Court and sentenced to three years probation. *Id.* ¶ 25.

Regarding the instant offense, on January 27, 2017, three plainclothes officers of the New York City Police Department ("NYPD") observed Defendant walking in public with what appeared to be an open container of alcohol. *Id.* ¶¶ 5-6. The officers approached Defendant, identified themselves as NYPD police officers, and asked Defendant for identification. *Id.* ¶¶ 6-7. When Defendant reached for his identification, one of the officers observed what appeared to be a firearm in Defendant's jacket pocket. *Id.* ¶ 7. The officers then recovered a .380 caliber handgun from Defendant, which had five bullets inside the magazine. *Id.* ¶¶ 7-8. The officers arrested Defendant, and he was charged in Kings County Criminal Court with Criminal Possession of a Weapon in the Second Degree and released on bond. *Id.* ¶ 9. In post-arrest statements, Defendant admitted he possessed the .380 caliber handgun and had intended to sell it.

5

*Id.* ¶ 8. As noted, Defendant's previous conviction for Attempted Criminal Possession of a Weapon in the Second Degree was punishable by a term of imprisonment of more than one year. *Id.* ¶ 4.

Defendant was arrested for the instant federal offense on February 2, 2017 and was arraigned and released on bond the same day. *Id.* ¶ 10. He made no post-arrest statements. *Id.* On September 7, 2017, the Government filed a one-count Indictment charging Defendant with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Indictment ¶ 1. After Defendant was indicted in the Eastern District of New York, the Kings County Criminal Court case was dismissed. PSR ¶ 9.

On October 11, 2018, this Court ordered Defendant's detention, after Defendant committed a series of violations of the conditions of his bond. *See* Order of Detention. Specifically, Defendant: (1) was re-arrested for Attempted Assault on April 7, 2017; (2) violated location monitoring conditions; (3) admitted to alcohol use, was unsuccessfully discharged from his outpatient drug treatment program for missed treatment sessions and lack of engagement, and failed to re-enroll in another outpatient treatment program; (4) failed to report to Pretrial Services multiple times; and (5) was visibly intoxicated at meetings with Pretrial Services. *See* Oct. 11, 2018 Pretrial Services Violation Mem., ECF No. 38.

**B. The Need for the Sentence Imposed**

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant

with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

Defendant's possession of a loaded handgun in a public place endangered the community. The similarities between this offense and Defendant's prior state felony conviction for illegal firearm possession indicate Defendant has yet to fully absorb the lesson he may not possess guns. That Defendant stated he intended to sell the loaded weapon only further underscores the seriousness of his offense. The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity and from possessing dangerous firearms in the future. More generally, the Court's sentence sends a message to other convicted felons that a life of crime carries a risk of punishment that outweighs any potential gains. Finally, it also considers Defendant's family and community support and his need for substance abuse treatment.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pleaded guilty to the sole count of the indictment, which charged Defendant with being a Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). Per 18 U.S.C. § 924(a)(2), Defendant faces a maximum term of imprisonment of ten years. *See* 18 U.S.C. § 924(a)(2) ("Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o) of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.").

Defendant also faces a maximum term of supervised release of three years, *id.* § 3583(b)(2); a maximum fine of $250,000.00, *id.* § 3571(b); forfeiture of any firearm or ammunition involved in the commission of the crime, *id.* § 924(d); and a special assessment of

$100.00, *id.* § 3013. Defendant is statutorily eligible for between one and five years probation because the sole count to which he pleaded guilty is a Class C felony. *Id.* § 3561(c)(1). Defendant has already consented to forfeiture of the firearms involved in the commission of his crime.

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

The appropriate Guideline for violations of 18 U.S.C. § 922(g)(1) is Guideline § 2K2.1, which applies to unlawful receipt, possession, or transportation of firearms or ammunition and prohibited transactions involving firearms or ammunition generally. *See* United States Sentencing Commission, Guidelines Manual ("USSG") § 2K2.1 (2018). Specifically, the applicable Guideline is § 2K2.1(a)(6), which instructs the Court to apply a base offense level of 14 "if the defendant . . . was a prohibited person at the time the defendant committed the instant offense." Probation applied USSG § 2K2.1(a)(6) in its calculation of the applicable Guideline range. PSR ¶ 14. Neither Defendant nor the Government object to Probation's Guidelines-level calculations. Def. Mem. at 1; Gov't Sentencing Mem. ("Gov't Mem.") at 2, ECF No. 45. There are no aggravating factors that warrant an increase in offense level. Therefore, the adjusted offense level is 14.

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. USSG § 3E1.1(a). All parties agree Defendant should receive a two-point reduction for acceptance of responsibility, bringing Defendant's total offense level to 12. *See* PSR ¶¶ 21-22; Def. Mem. at 1; Gov't Mem. at 2.

8

Defendant's criminal convictions, described above, result in a subtotal criminal history score of three. PSR ¶ 26. This brings Defendant's total criminal history score to three, establishing a criminal history category of II. USSG Ch. 5, Part A.

The Court finds the appropriate total offense level is 12, which, with a criminal history category of II, yields a Guidelines suggested term of imprisonment of between 12 and 18 months. USSG Ch. 5, Part A. Under the Guidelines, Defendant may also be sentenced to a term of supervised release of one to three years, *id.* § 5D1.2(a)(2) and a fine of between $5,500.00 and $55,000.00, *id.* §§ 5E1.2(c)(3). The Guidelines further suggest Defendant is ineligible for probation because the applicable Guideline range is in Zone C of the sentencing table. *Id.* § 5B1.1, n.2. Probation notes there is no evidence Defendant can pay a fine.

Probation also notes this Court may impose a term of imprisonment of six months followed by a term of supervised release with a special condition requiring six months community confinement or home detention pursuant to USSG § 5C1.1(d)(2) because the applicable Guideline range is in Zone C of the Sentencing Table. For such offenses, the Court may order "a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one-half of the minimum term is satisfied by imprisonment." Probation does not advocate this approach; rather, it notes this is an avenue the Court may take.

Counsel for Defendant does, however, advocate this approach. Def. Mem. at 3. Defense counsel argues Defendant's substantial support network and his desire to seek treatment for his substance abuse issues suggest this Court should impose a USSG § 5C1.1(d)(2) sentence of six months imprisonment followed by a term of supervised release with a special condition requiring

9

six months community confinement or home detention. *Id.* at 1-3. Specifically, counsel notes "[a] period of home or community confinement in this case would enable Mr. Cuyler to engage in intensive mental health and substance abuse treatment, pursue vocational training, and secure employment, while still being under a punitive sentence." *Id.* at 3.

The Government suggests Defendant should receive a sentence at the lower end of the 12 to 18 months advisory Guidelines range, and Probation suggests Defendant should receive a sentence of 366 days custody to be followed by one year supervised release, with special conditions.

### E. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission." 18 U.S.C. § 3553(a)(5). The Court finds no policy statement pertinent to Defendant's sentencing. None of the parties to this sentencing proceeding advance a policy statement pertinent to Defendant's sentencing.

### F. The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). For the reasons stated in this memorandum and order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Lastly, the seventh § 3553(a) factor, requiring the Court to touch upon "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7), is not applicable in Defendant's case.

## CONCLUSION

A sentence of 366 days of incarceration, to be followed by 1 year of supervised release, criminal forfeiture as agreed, and a $100.00 special assessment is appropriate and comports with the dictates of § 3553. The Court also directs the Bureau of Prisons to place Defendant as close to New York as is possible. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report, barring any errors contained therein, and the addendum thereto. It expressly declines to adopt the portion of paragraph three of the PSR that erroneously indicated Defendant tested positive for, and intended to sell, cocaine. The Court imposes the special conditions of release proposed by the Probation Department.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 15, 2019
Brooklyn, New York